**COLIN M. RUBICH**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**James F. Battin U.S. Courthouse**
**2601 Second Ave. North, Suite 3200**
**Billings, MT 59101**
**Phone:      (406) 657-6101**
**FAX:        (406) 657-6989**
**E-Mail:     Colin.Rubich@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 15-139-BLG-SPW** |
| **Plaintiff,** | |
| **vs.** | **OFFER OF PROOF** |
| **HEATHER LYNN STOUT,** | |
| **Defendant.** | |

The United States of America, represented by Colin M. Rubich, Assistant

United States Attorney for the District of Montana, files its offer of proof in

anticipation of the upcoming change of plea hearing set for March 24, 2016.

1

## THE CHARGE

The defendant, Heather Lynn Stout, is charged by indictment with one count of conspiracy to distribute explosives without a license, in violation of 18 U.S.C. §844(n).

## PLEA AGREEMENT

There is a plea agreement in this case.    The defendant will plead guilty to Count I of the Indictment.    The Defense and the United States will make a joint recommendation for a sentence of probation.    The United States presented any and all formal plea offers to the defendant in writing.    The plea agreement entered into by the parties and filed with the court represents, in the government's view, the most favorable offer extended to the defendant.    See *Missouri v. Frye*, 132 S.Ct. 1399 (2012).

## ELEMENTS OF THE CHARGE

In order for Stout to be found guilty of conspiracy to distribute explosives without a license, as charged in the indictment, the United States must prove each of the following elements beyond a reasonable doubt:

**First**, on or about November 2, 2015 and continuing to on or about November 4, 2015, there was an agreement between two or more persons to commit the offense of Conspiracy to Distribute Explosives without a License; and

2

**Second**, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

**Third**, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

## PENALTY

The charge of conspiracy to distribute explosives without a license carries a maximum sentence of 10 years in prison, a $250,000 fine, three years of supervised release, and a $100 special assessment.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

On October 31, 2015, a confidential informant (CI) contacted a special agent with of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) to inform the agent that a woman named Heather Lynn Stout had stated she knew someone who could sell the CI dynamite.    On November 3, the CI introduced Stout to a law enforcement officer who was acting in an undercover capacity.    In this capacity, the agent claimed that he was interested in purchasing the dynamite. Stout identified her source as an individual named "Nate."    She contacted him, and he sent two pictures of the dynamite which, based on the

pictures, appeared to be a sixteen inch stick of Geldyne semi-gelatin dynamite.

"Nate" stated that he wanted $200 for the dynamite.    "Nate" was subsequently

identified as Nathen Jerome Adams.

On November 4, the undercover agent and the CI travelled to Stout's

residence at 307 South Billings Blvd #47, Billings, MT.    When they arrived the

undercover agent noted that there were children present in the house.    Stout then

explained that her phone was broken, and asked to use the CI's phone.    Using the

CI's phone, Stout contacted Adams and informed him that buyers were waiting for

him.

Adams arrived at Stout's residence a short time later on a red Kawasaki

motorcycle.    He was carrying a blue bag and stated that he had a "very cautious

ride" over.    He then opened the bag and showed both the CI and the undercover

agent the stick of Geldyne dynamite.    The undercover agent agreed to purchase

the dynamite and gave Adams the $200.

The ATF has since sent the dynamite to a laboratory for testing.    The

testing confirmed that the chemical composition of the stick is consistent with

dynamite.    Neither Adams nor Stout is licensed under the provisions of Chapter

40 of Title 18 of the United States Code to distribute explosive materials.

DATED this 23rd day of March, 2016.

MICHAEL W. COTTER
United States Attorney

*/s/ Colin M. Rubich*
COLIN M. RUBICH
Assistant U.S. Attorney